THE STATE *v.* JOHN H. COLE.

1. COSTS. *State tax.* A State tax is to be included in the bill of costs in dower cases in the county court; also, in case of petition by guardian to invest ward's funds in land; also, in bastardy cases.

2. SAME. *Same.* The unsuccessful party, in the sense of sec. 551 of the Code, means the party adjudged to pay the costs.

3. SAME. *Same.* The clerk of the county court having knowledge that a tippler is keeping for sale articles of merchandise, is liable for failure to collect the additional tax.

FROM WAYNE.

Appeal from the County Court of Wayne county. T. P. BATEMAN, J.

ATTORNEY-GENERAL LEA for the State.

JOHN A. PITTS for Cole.

McFARLAND, J., delivered the opinion of the court.

This is a motion against Cole for failing, while clerk of the county court, to collect certain revenue which the law made it his duty to collect for the State.

First, in two instances petitions for dower were heard summarily by the court and granted, and the dower assigned, and the applicants directed to pay the costs, which they did, the clerk, however, failing to collect a State tax.

The question is, whether a tax is collectable in such cases.

I have doubts whether the case is embraced within the provisions of the law prescribing a tax upon all original suits at law or in equity, a petition for dower in the county court not being expressly included, but the other members are of the opinion that it is included in the general provisions of the statute. It is true sec. 551 of the Code provides that the tax shall be imposed upon the *unsuccessful* party, but the party adjudged to pay the costs is the unsuccessful party in the sense of this section. His Honor, the Circuit Judge, was therefore in error in refusing to hold the clerk liable on these items.

And, for the same reason, he was correct in holding the clerk liable for failing to collect the tax in the case of a petition filed by a guardian asking leave to invest his ward's funds in land. The petition was granted and the petitioner directed to pay the costs, which he did. Although the court probably had no jurisdiction to grant the relief prayed for in the petition, it did have jurisdiction to adjudge the costs, and the tax would follow.

The next was a case of bastardy, where the defendant was convicted and paid the costs. We see no question but what this was a case where a State tax was properly collectable.

In one instance the clerk issued a license to retail spirits. The retailer kept for sale, in addition to liquors, such articles as "candies, nuts, cheese, crackers," etc., and this was known to the clerk, and he

failed to collect from the retailer the privilege tax of a merchant or confectioner, or to require him to take out an additional license. The retailer clearly had no right to keep for sale the articles named under his license as a tippler, and as the fact that he was acting in this respect without paying the proper tax and obtaining the proper license was known to the clerk, he was in default for failing to collect the tax, and in this respect the judgment below was correct.

Judgment was also given against the clerk in a similar case, but we are of opinion that this latter was erroneous, as the agreed facts show that the clerk had no knowledge or information that the articles were being kept and sold in violation of the license until after his term of office expired, nor do we see that it was his duty to have known.

In this last named case the judgment will be reversed.